**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

THEOBALD A. SEALES

    Plaintiff

       v.

UNITED STATES OF AMERICA

    Defendant

Civil No.:

Damages

## COMPLAINT

**TO THE HONORABLE COURT:**

    **COMES NOW** plaintiff, Theobald Alexander Seales, through his undersigned attorney, and very respectfully **STATES, ALLEGES and PRAYS as follows:**

### JURISDICTION

1. This is suit for damages against the United States of America pursuant to the Federal Tort Claims Act, arising out of the actions and omissions of the United States Department of Veterans Affairs, its employees, affiliates, agents, contractors and representatives.

2. Jurisdiction is premised upon 28 U.S.C. Sections 1331 and 1346.

### PARTIES

3. Plaintiff Theobald Alexander Seales is of legal age, domiciled in San Juan, Puerto Rico, and is a Veteran of the United States Armed Forces.

4. Defendant United States of America is a sovereign nation with the capacity to sue and be sued pursuant to Federal law.

**FACTS**

5. On June 3, 2025, at approximately 10 A.M. AST, Plaintiff Theobald Alexander Seales was being transported in a wheelchair to the gym on the premises of the VA Hospital in San Juan, Puerto Rico.

6. The wheelchair was being propelled from the rear by Calin Dover-Tarrats, a Recreational Therapy Assistant and employee of the VA Hospital.

7. The wheelchair was not equipped with a seatbelt, or if it was, the seatbelt was not being used to secure its occupant, Mr. Seales.

8. According to his medical records at the VA Hospital in San Juan, Puerto Rico, plaintiff Theobald Alexander Seales is a "total care" patient, who requires assistance at all times.

9. As a Recreational Therapy Assistant assigned to assist the Plaintiff, Calin Dover-Tarrats knew or should have known that Theobald Alexander Seales is a "total care" patient, who requires assistance at all times.

10. As Calin Dover-Tarrats was wheeling the Plaintiff through an area of the VA Hospital with a slight downward incline, resulting in the wheelchair gathering speed, he negligently lost control of the wheelchair and the Plaintiff's feet became entangled, causing him to fall forward from the wheelchair and strike the floor with his head.

11. As a result of Calin Dover-Tarrats's negligence and failure to keep appropriate control of the Plaintiff's wheelchair, the Plaintiff fell from the wheelchair, striking the hard floor with his head, suffering two linear lacerations to his forehead, which bled profusely.

2

12. As a result of Calin Dover-Tarrats's negligence and failure to keep appropriate control of the Plaintiff's wheelchair, the Plaintiff fell from the wheelchair, striking the hard floor with his head, suffering an unstable fracture involving the base of the odontoid process of the C2 vertebra and the anterior arch of the C1 vertebra.

13. A neurological evaluation was recommended for possible spinal cord damage.

14. According to the Plaintiff's medical records at the VA Hospital, future surgery was possible.

15. Plaintiff suffered and continues to suffer physical pain and emotional distress as a result of the actions and omissions complained of herein.

**CAUSE OF ACTION**

16. The allegations of all preceding paragraphs are realleged and incorporated herein by reference.

17. As a Recreational Therapy Assistant employed by the VA Hospital, Calin Dover-Tarrats knew or should have known through a cursory review of Plaintiff's medical records that Theobald Alexander Seales was a "total care" patient, who required assistance at all times.

18. As a Recreational Therapy Assistant employed by the VA Hospital, Calin Dover-Tarrats had a duty to utilize due care and follow accepted standards in transporting Plaintiff in a wheelchair, particularly given that Plaintiff was a "total care" patient who required assistance at all times.

19. Calin Dover-Tarrats was negligent and breached his duty of care towards the Plaintiff, by failing to maintain appropriate control while wheeling the

Plaintiff's wheelchair through an area of the VA Hospital with a slight downward incline, resulting in the wheelchair gathering speed and the Plaintiff's feet becoming entangled, causing him to fall forward from the wheelchair and strike the floor with his head.

20. As a direct consequence of the negligence described in this Complaint, plaintiff Theobald Alexander Seales suffered two linear lacerations to his forehead which bled profusely, as well as an unstable fracture involving the base of the odontoid process of the C2 vertebra and the anterior arch of the C1 vertebra, physical pain, emotional distress and loss of enjoyment of life.

21. Had the negligence of VA employee Calin Dover-Tarrats been the result of the actions or omissions of a private person or entity, it would be liable to plaintiff for all damages caused thereby.

22. Under the Federal Tort Claims Act, the United States is liable for all the damages caused to plaintiff, Theobald Alexander Seales, by the negligence of Calin-Dover Tarrats, who was at all relevant times an employee of the VA Hospital acting within the scope of his employment.

23. On September 26, 2025, plaintiff Theobald Alexander Seales submitted an administrative claim (Standard Form 95) to the United States, stating the known facts and circumstances of the present complaint, which was sent to the U.S. Department of Veterans' Affairs. By letter dated December 4, 2025, the U.S. Department of Veterans' Affairs Office of General Counsel acknowledged having received the Plaintiff's administrative claim on

4

November 4, 2025.  As of the date of this filing, the Department of Veterans'

Affairs has not acted upon the Plaintiff's Administrative Claim.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff very respectfully prays that the Honorable Court

enter judgment against the United States under the Federal Tort Claims Act and award

damages in his favor in the amount of FIVE HUNDRED THOUSAND DOLLARS

($500,000.00).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 9th day of April, 2026.

S/MANUEL SAN JUAN
MANUEL SAN JUAN
Attorney for Plaintiff
USDC-PR No.: 204706
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:   (787) 723-6637
        (787) 723-6669
E-mail: sanjuanm@microjuris.com